RECEIVED
NOV 20 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| IVORY LANE SIMON (#505008) | DOCKET NO. 14-2606; SEC. P |
| VERSUS | JUDGE DRELL |
| JAMES LeBLANC, ET AL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Ivory Lane Simon filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 23, 2014, and, at the direction of the Court, an amended complaint on November 17, 2014. Plaintiff was granted leave to proceed *in forma pauperis* on September 11, 2014. [Doc. #8] Plaintiff is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. He names as defendants James LeBlanc, Tim Keith, Dr. Kuplesky, Daniel Marr, two John Does, and XYZ Insurance Co. He complains that he is being denied medication prescribed by a doctor outside of WNC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff complains that he arrived at WNC on July 15, 2013, and was given a medical screening by Defendant Daniel Marr. Plaintiff informed Marr that he was allergic to medications that contain sulfa, and that he had suffered from Stevens-Johnson

Syndrome[1]. [Doc. #1, p.4] He states that, prior to entering WNC, he was prescribed Allegra-D, Nexium, Nortriptyline, Genteal, and Flonase or Nasonex nasal spray. [Doc. #1, p.4] WNC has refused to provide him with these medications or to let his wife send him the medications. He states that, because he does not have his medications, he suffers from coughing up phlegm, passing blood in his stool, shortness of breath, blurred vision, migraine headaches, aching bones, and a deteriorating immune system. [Doc. #1, p.4] He complains that the defendants tried to substitute Afrin, Protonol-FM, and Zyrtec in lieu of Flonase, Nexium, and Allegra, which Plaintiff had been prescribed at another facility. [Doc. #10, p.2, 6] Plaintiff claims that he was given Afrin, Protonol-FM, and Zyrtec at Forcht Wade prison, and he almost died one hour later. He claims that the medications caused him to cough up blood, pass blood through his rectum, and caused his prostate to enlarge. [Doc. #10, p.2] Plaintiff claims that Dr. Kuplesky told him that Plaintiff needed to see another doctor, but that has not happened; however, the medical record indicates that Plaintiff demanded to see a different doctor. [Doc. #10, p.6] Because

---

[1]Stevens-Johnson syndrome is defined as "a severe and sometimes fatal form of erythema multiforme that is characterized especially by extensive erosive lesions of the skin and mucous membranes (as of the mouth, nose, esophagus, anus, and genitalia) and by purulent conjunctivitis which sometimes results in corneal damage leading to blindness and that usually occurs following an infectious illness or adverse drug reaction but often has no identifiable cause."
http://www.merriam-webster.com/medlineplus/stevens%20johnson

Plaintiff refused to accept the medication prescribed, they were not reordered. [Doc. #20, p.8]

Plaintiff claims that, on August 5, 2013, he made a sick call because he had blood in his stool. Defendant Marr told Plaintiff that if he made another sick call about the alleged Stevens-Johnson Syndrome, he would have Plaintiff written up for malingering.

Plaintiff alleges that, after filing the captioned suit, he suffered retaliation in the form of being denied medical treatment.

Petitioner has not alleged that he is suffering from Stevens-Johnson type symptoms at the present time, nor has he alleged that he was administered any medications at WNC that contained sulfa.

### *Law and Analysis*

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Medical care claims when asserted by convicted prisoners, like

Plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the defendant prison officials knew of and then disregarded an excessive risk to the plaintiff's health and safety. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991). "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. <u>Thompson v. Upshur County, Texas</u>, 245 F.3d at 458-59. Such deliberate indifference has been equated with "subjective recklessness as used in the criminal law." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>Reeves v. Collins</u>, 27 F.3d 174 (5th Cir. 1994).

Thus, even "... the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." <u>Domino v. Texas Department of Criminal Justice</u>, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." <u>Thompson</u>, 245 F.3d at 459. "Deliberate

indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino, 239 F.3d at 756 (citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir.1985)). ***Disagreement with diagnosis and treatment cannot support a claim of deliberate indifference.*** See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Petitioner complains that the defendants refused to provide him with the medication prescribed elsewhere. This is a disagreement with treatment, which does not support a claim of deliberate indifference. Plaintiff is not entitled to receive the medications prescribed by his personal physician or a physician at another facility. The law is clear that a prison doctor's disagreement with, or failure to follow, an outside physician's treatment plan or recommendation does not amount to deliberate indifference. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999)(The failure of a prison doctor to follow the recommendations of an outside treating physician did not present a material fact

5

issue for deliberate indifference.); Clifford v. Doe, 303 Fed.Appx. 174, 2008 WL 5210663 (5th Cir. 2008)(fact that medical staff at the prison did not follow the treatment plan recommended by an outside physician did not amount to deliberate indifference).

Moreover, Plaintiff is not entitled to receive name brand drugs in lieu of generic drugs. See eg., Bejaran v. Cruz, 79 Fed.Appx. 73 (5th Cir. 2003)(citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (Plaintiff's admission in his complaint that defendants took x-rays and gave him "generic," "mild medications" refute his assertion of deliberate indifference to his medical needs.)  In Woodall v. Foti, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.  The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).  Plaintiff was prescribed similar medications to the ones he had previously been prescribed, but he refused them.  He obviously disagrees with the physician's treatment plan at WNC, but this fails to state a claim for which relief can be granted.

Plaintiff has not shown that he faced a substantial risk of

harm, which prison officials failed to take reasonable measures to abate. See Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  First, Plaintiff does not presently suffer from Stevens-Johnson syndrome.  He has not, while at WNC, Forcht Wade, Caldwell Correctional, or other facility, been diagnosed that illness.  Plaintiff simply reported to the medical officials at these facilities that he experienced Stevens-Johnson syndrom in 2005, as a result of taking medication with sulfa. [Doc. #10, Exhibits A-D]  Plaintiff does not allege that he has been administered any medications containing sulfa at WNC, or at any time after 2005, for that matter.

In Plaintiff's amended complaint, he alleges that he has been denied medical care after filing suit.  However, he was ordered to state the dates on which he sought treatment and the symptoms he was experiencing when he sought care.  Plaintiff identified a single instance, on August 5, 2013, when he made a sick call, and *was examined*, but did not receive the treatment he desired.  He was informed by Defendant Marr that if Plaintiff made additional sick calls *pertaining to the alleged Stevens-Johnson syndrome*, he would be written up for malingering.  Plaintiff does not allege that he suffered any other alleged illnesses that went untreated, or that he was denied care on any other dates.

It is evident from the complaint, amended complaint, and

7

exhibits, that Plaintiff has received medical care; he disagrees with the diagnosis and treatment recommendation; he has refused the medical treatment that was prescribed; and, he has not been administered any medications containing sulfa. Plaintiff has not presented allegations of deliberate indifference. He clearly disagrees with the treatment offered by the defendant, but a disagreement with care does not state a claim under the Eighth Amendment. See Norton, 122 F.3d at 292; citing Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

*Conclusion*

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(b) and §1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of November, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE